Allen Harris Law

Pro Tua Libertate Tuenda

**PENNSYLVANIA OFFICE**
**Samantha K. Harris, Esq.**
**Allen Harris PLLC**

PO Box 673
Narberth, PA 19072
(610) 634-8258
sharris@allenharrislaw.com

**CONNECTICUT OFFICE**
**Michael Thad Allen, JD, PhD**
**Allen Harris PLLC**

PO Box 404
Quaker Hill, CT 06375
(610) 634-8258
mallen@allenharrislaw.com

**August 13, 2026**

Hon. Elizabeth C. Coombe
U.S. District Judge
Federal Building and U.S. Courthouse
P.O. Box 7255
Syracuse, NY 13261-7255

**Re: Notification of Supplemental Authority in *Zhong, et al. vs. Cornell Univ.*, *et al.*, No. 3:25-cv-00365--ECC-ML (NDNY)**

Your Honor,

Plaintiffs write to notify the Court of recent supplemental, persuasive authority unavailable at the time the parties briefed Defendant's pending Motion to Dismiss. ECF No.34, 36.

The first is the August 7, 2026 decision in *Zhong v. Univ. of Wash. Bd. of Regents*, et al., ECF No. 50, No. 2:25-cv-00348-JLR (Aug. 7, 2026 W.D. Wash.). The second is the Third Circuit's recent decision in *Sargent v. Sch. Dist. of Phila*., 165 F.4th 727 (3d Cir. 2026).

*Zhong v. Univ. of Wash. Bd. of Regents* involves the same plaintiff, Stanley Zhong, the same Fall 2023 admissions cycle, and a parallel claim under Title VI that a selective university discriminated against him as an Asian-American applicant. The court denied the University's motion to dismiss in relevant part. In particular, the court held that Stanley had plausibly alleged racial discrimination in the University's admissions process. A copy of that decision is attached as **Exhibit A**.

In addition, also this year, the Third Circuit issued *Sargent v. Sch. Dist. of Phila*., 165 F.4th 727 (3d Cir. 2026) (reversing summary judgment for school district). This decision expressly adopted the analysis of *Chinese Am. Citizens All. of Greater N.Y. v. Adams*, 116 F.4th 161, 177 (2d Cir. 2024) (reversing summary judgment for school on disparate impact claim). In joining the Second Circuit, *Sargent* expressly rejected the First and Fourth Circuit's recognition of an exception to equal protection on the basis of race merely because a targeted group remains overrepresented based on merit or, in the court's words, "disproportionately successful." *Id*. at 748, 749.

The court's analysis not only considered statistical circumstantial evidence; but the court also held that, even when confronting facially race-neutral policies, "a valid equal protection claim can be based on a showing that ***any individual*** has been negatively affected or harmed by that discriminatory law or policy based on race, even if there is no

disparate impact to members of that racial class in the aggregate" (emphasis in original). *Id*. at 749 (quoting *Chinese Am. Citizens All.,* 116 F.4th at 173).

A courtesy copy of this Third Circuit decision is also attached as **Exhibit B**.

Thank you for your consideration of this matter and for your service.

Sincerely,

Michael Thad Allen

Enclosures:

**Exhibit A**: *Zhong v. Univ. of Wash. Bd. of Regents*, et al., ECF No. 50, No. 2:25-cv-00348-JLR (Aug. 7, 2026 W.D. Wash.),

**Exhibit B**: *Sargent v. School District of Philadelphia*, 165 F.4th 727 (3d Cir. 2026)