BOND SCHOENECK & KING

One Lincoln Center | Syracuse, NY 13202-1355 | **bsk.com**

**JONATHAN B. FELLOWS, ESQ.**
fellowj@bsk.com
P: 315.218.8120
F: 315.218.8100

August 21, 2026

**VIA ELECTRONIC FILING**

Hon. Elizabeth C. Coombe
U.S. District Judge
Federal Building and U.S. Courthouse
P.O. Box 7255
Syracuse, NY 13261-7255

Re: *Zhong v. Cornell University, et al. No. 3:25-cv-00365-ECC-ML*

Dear Judge Coombe:

Defendants Cornell University ("Cornell"), Michael Kotlikoff, and Shawn Felton (collectively, "Defendants") respectfully submit this letter in response to Plaintiffs' August 13, 2026, Notice of Supplemental Authority (ECF Doc. No. 39). For the reasons set forth below, neither decision provides any support for Plaintiffs' opposition to Defendants' pending Motion to Dismiss.

Plaintiffs first cite *Zhong v. University of Washington Board of Regents*, No. C25-0348JLR (W.D. Wash. Aug. 7, 2026), a decision from a separate action brought by these same Plaintiffs against the University of Washington ("UW") challenging UW's denial of Stanley Zhong's application for admission during the Fall 2023 admissions cycle.[1]

In that decision, the district court dismissed all claims asserted by Nan Zhong and Minor Son and dismissed several of Stanley Zhong's claims and requests for relief, permitting only Stanley's request for prospective injunctive relief and his Title VI and Section 1981 claims to proceed. Although Plaintiffs cite this decision as "persuasive authority" in support of their claims against Cornell, the decision is readily distinguishable in two critical respects and, if anything, underscores the deficiencies in Plaintiffs' Amended Complaint in this action.

First, Plaintiffs cite the *UW* decision for its finding that Stanley had "plausibly alleged racial discrimination in the University's admissions process." ECF Doc. No. 39. The key facts underlying that portion of the court's holding, however, are entirely absent from Plaintiffs' Amended

[1] As the Court is no doubt aware, Plaintiffs have also commenced similar actions against the University of Michigan and the University of California challenging those institutions' denial of Stanley Zhong's application for admission during the Fall 2023 admissions cycle. *See Zhong v. The Regents of Univ. of California*, 2:25-cv-00495 (E.D. Cal.); *Zhong v. The Regents of the Univ. of Michigan*, 5:2025-cv-10579 (E.D. Mich.).

Complaint against Cornell. Specifically, the Western District of Washington's conclusion that Stanley had plausibly alleged intentional discrimination was based on documentary evidence that, in 2021, UW's Computer Science & Engineering school adopted a strategic five-year plan establishing an express goal of increasing the percentage of underrepresented minority students in the program to 15% within five years.

As the court explained:

> Here, the DEIA Plan describes a plan to '[m]easure the percentage of domestic Black, Hispanic, and American Indian/Alaska Native, Hawaiian/Pacific Islander undergraduates and, by year 5, evaluate whether the percentage is at least 15% (the UW-Seattle average).' (DEIA Plan at 153.) Similarly, the BPC Plan states that one of its six 'stretch goals' for the next 5 years is to '[i]ncrease the percentage of domestic BHN undergraduates to the UW-Seattle average[.]' (BPC Plan at 181.) These documents, taken together, plausibly support Stanley's claims."

*Id*. at *18-19.

The court further noted that, even prior to the Supreme Court's decision in *Students for Fair Admissions, Inc. v. Harvard*, 600 U.S. 181 (2023), this type of race-based admissions strategy was "patently unconstitutional." *See id.* ("The Supreme Court has held that enrolling 'some specified percentage of a particular group merely because of its race or ethnic origin would be patently unconstitutional.'") (quoting *Grutter v. Bollinger*, 539 U.S. 306, 308 (2003)).

Here, by contrast, Plaintiffs do not offer *any* allegations regarding how Cornell purportedly unlawfully considered race in admissions to the College of Engineering in 2023, nor do they identify any admissions-related policy, plan, or objective comparable to the race-based enrollment benchmark on which the *UW* decision relied. Instead, Plaintiffs rely entirely on generalized and speculative assertions that Cornell's holistic admissions process must have been discriminatory simply because Stanley was not admitted. Accordingly, the *UW* court's finding provides no support for Plaintiffs' intentional discrimination claims in this action.

<u>Second</u>, as set forth in Defendants' pending motion, Stanley Zhong lacks standing to pursue claims for prospective injunctive relief against Cornell because his Amended Complaint does not once allege that he is "ready and able" to reapply to Cornell. *See* ECF Doc. No. 34-1 ("*Defs.' Memo*"), at 15; ECF Doc. No. 37 ("*Defs.' Reply*") at 6-7.

The *UW* decision reinforces, rather than undermines, that conclusion. In its decision finding that Stanley had standing to challenge UW's current admissions practices, the Western District of Washington cited Stanley's allegation that he was "ready and able to apply" to UW if its allegedly discriminatory admissions practices ceased. *Zhong v. Univ. of Wash. Bd. of Regents*, No. C25-0348JLR, slip op. at 6 (W.D. Wash. Aug. 7, 2026) ("Stanley represents that he is 'ready and able to apply to [the University] when it ceases its intentional discrimination against Asian Americans.'").

Here, Stanley makes no comparable allegation with respect to Cornell. Accordingly, his claim for prospective injunctive relief fails as a matter of law.

Plaintiffs also direct the Court's attention to the Third Circuit's decision in *Sargent v. School District of Philadelphia*, 165 F.4th 727 (3d Cir. 2026). Plaintiffs' reliance on *Sargent* is even more misplaced. That case involved materially different facts concerning admissions to Philadelphia public high schools and arose in a materially different procedural posture, namely, on summary judgment following a developed factual record.

Nevertheless, Plaintiffs cite *Sargent* because the Third Circuit "considered statistical circumstantial evidence" in concluding that a reasonable factfinder could infer that the school district's facially race-neutral admissions policy was motivated by discriminatory intent. There, however, the court did not rely on bare statistical evidence alone. Rather, much like the *UW* decision, the Third Circuit cited admissions-related policy documents reflecting the school district's express objective of increasing minority enrollment and achieving race-based benchmarks, which have been "patently unconstitutional" since *Grutter*. *Id*. at 740.

In particular, the Third Circuit cited the school district's "Goals & Guardrails" document, which stated that the percentage of qualified students who were "Black/African American or Hispanic/Latinx will grow from 33.8% in August 2020 to at least 52.0% (making progress towards being proportional to [the] population as a whole) by August 2026." *Id*. at 742-43. As set forth above, Plaintiffs do not allege anything comparable in their Amended Complaint in this action.

In any event, as Defendants have already explained, the statistical allegations in Plaintiffs' Amended Complaint are themselves fundamentally flawed. Plaintiffs rely on enrollment data from the wrong years, improper comparisons between Cornell data and national demographic and SAT data, and other statistics that bear no relationship to the specific applicant pool with which Stanley was actually competing for admission to Cornell's College of Engineering. *See Defs.' Memo.*, at 18-22. Accordingly, *Sargent* is also entirely inapposite and provides no support for Plaintiffs' claims.

For the foregoing reasons, neither the *University of Washington* decision nor the Third Circuit's decision in *Sargent* alters the analysis of Defendants' pending Motion to Dismiss. The Court should grant the Motion to Dismiss, in its entirety.

Respectfully,

BOND, SCHOENECK & KING, PLLC

Jonathan B. Fellows

CC: All parties via electronic filing.